Weight, J.,
delivered the opinion of the Court.
The Chancellor, in our opinion, acted properly in dismissing the bill upon demurrer.
The facts of the case are these : Rufus Morgan, the grandfather of the complainants, departed this life in the montlj of August, 1826, leaving a widow, Elizabeth Morgan, and seven children; and among them, William King Morgan, Avho died intestate and unmarried, in the year 1829; Rachel K. T. Morgan, who married Hugh L. McClung whilst she ivas a minor, and departed this life in the month of December, 1842, leaving the complainants, her only children and heirs at law; Eliza Morgan, who was of imbecile mind, and died intestate and unmarried, and Rufus Ann Morgan, who also died in infancy, unmarried and intestate. The said Rufus Morgan, on the 23d of September, 1813, made his last will and testament, which, after his death, was duly proved, and admitted to record in the county of Roane, where he died ; and in which he gave his wife, the said'Elizabeth Morgan, his entire estate, *220 real and personal; and from the provisions of Avhich she did not dissent, as required by the act of 1784, ch. 22, sec. 8; but, on the contrary, was content therewith, as Ave are bound to believe, from the allegations of the bill.
Subsequent to the malting of his will, he acquired the tract of land in controversy, in the vicinity of Knoxville, and which, therefore, as the latv then was, did not pass under the will; but as to it, he died intestate, and the same descended to his heirs at law.
This tract of land, together Avith all the other property belonging to the estate of Rufus Morgan, was taken possession of by the said Elizabeth, his AvidoAV, and claimed by her until she sold it, under the mistaken impression that said land passed to her under the devise of her husband’s will.
In the years 1832 and 1834, by íavo deeds, the said Elizabeth sold and conveyed this land to Galvin Morgan, aaTlo entered upon and took possession thereof, and died in possession of the same, having previously sold a part thereof to the East Tennessee and Georgia, and East Tennessee and Virginia Railroad Companies; and his executor, Calvin Morgan, jr., under a power vested in him by the will of Calvin Morgan, sold and conveyed the remainder of the same to William LI. Sneed; and he has sold and conveyed the same, or most of the same, to various persons.
These purchasers and sub-purchasers, now claim title to the said tract of land, and are in possession of the same; and Ave take it, from the allegations of the bill, that Calvin Morgan, and the purchasers under him and his executor, have held adverse possession ever since the period of his purchase. We can regard them in no other sense; and furthermore, that Elizabeth Morgan’s deeds Avere absolute commyances. She supposed she AA'as absolute owner under her husband’s Avill, and made deeds accordingly. So the bill, as we think, is to be understood.
We take it, that Hugh L. McClung survived his wife, and is yet alive; as three of complainants, who are infants, sue by him as their guardian; and also, that Elizabeth Morgan is *221 yet alive, as sbe appears to be a defendant in the bill. But it does not appear when Rachel, the mother of complainants, became covert, nor at what time her infancy ceased. Nor does the bill allege any period for the deaths of Eliza and Rufas Ann Morgan.
The complainants, if we understand the extent of their claim, seek to recover the one-fourth of this tract of land, namely: one-seventh as heirs of their mother, and in her original right; and one-fourth of three-sevenths in her right as one of the heirs of William King, Eliza and Rufus Ann Morgan, deceased. The bill was filed the 19th of May, 1856.
Upon these facts, we think, complainants are barred by the statute of limitations.
It is a well settled rule of chancery pleading, that if by the lapse of time, no right of action exists in the complainant, from his own showing, this may be taken advantage of upon demurrer. And this rule applies, a fortiori, where by force of the statute, the title, as well as the remedy of complainant, are both destroyed. Dunlap v. Gribbs et al, 4 Yer. R., 94.
Calvin Morgan, and the defendants who derive title under him, have been in possession of this land more than seven years before the suit was brought, indeed, more than twenty. They have claimed it for themselves, and adversely to complainants. The very nature of the case, as stated in the bill, shows this. Prima fade this possession confers on the possessor a good title, by force of the statute of limitations. If the complainants meant to avoid this apparent bar by any of the disabilities contained in the proviso of the statute, such as infancy, coverture, &c., it was incumbent on them to allege, in the bill, their existence at the time the cause of action accrued, with such other averments of their continued existence, as would show that complainants’ rights had not been defeated by the statute. Shropshire et al. v. Shropshire et al., 7 Yer. R., 165-167; South Sea Company v. Wymond Tell, 3 Pur. Will., 144; Foster v. Hodgson, 19 Ves., 182; Carter v. Murray, 5 Johns. Ch. R., 530; Angell on Lim., 349. *222 This is not done, and we might stop right here. But in our view of the possession, and in every supposed aspect of the case, it may be demonstrated that complainants are barred, unless it be as to their interest in the share of the imbecile child, Eliza Morgan; and as to that, the demurrer was well taken, for the reason already given, namely, that the exception of imbecility is not so stated upon the bill, as to take the case without the statute.
If we assume the fact to be, that Rachel, the mother of complainants, was a feme covert in 1832 and 1834, when the cause of action accrued, then the case of Guion v. Anderson, 8 Hum., 298, is decisive against them.
That case has been repeatedly sanctioned by this Court as authority. According to its principles, when the adverse possession commenced, no estate by the curtesy existed in Hugh L. McOlung, to this land. He was not then seized of a particular interest, or estate, separate from the fee simple estate of his wife. By his marriage, he had gained an estate of freehold, in her right, which might continue during their joint lives ; and might, by possibility, last during his own life. He was not, however,'solely seized, but jointly, with his wife. And his estate, by the curtesy, could not exist, or be consummated, until the death of his wife. The wrongful possession of Calvin Morgan, and the purchasers under him, was an injury to the entire joint estate of Hugh L. McOlung and wife, and they were required, jointly, to bring suit to recover the possession. The statute of limitations began to run against both immediately upon such adverse holding; and they having failed to sue for seven years, their joint right of action was barred ; and the right of Hugh L. McOlung, whatever it may have been, was not only barred, but extinguished ; and upon the death of Rachel K. T. McOlung, the complainants, as her heirs, even though infants, or femes covert, had only three years thereafter, within which to bring suit; and having failed to do so, they, also, are barred. They could have sued at any time the right of Hugh L. McOlung was barred, his extinguished interest interposing no obstacle to their recovery *223 The case of Guion v. Anderson, differs widely from Miller v. Miller, Meigs’ Rep., 484; and McCorry v. King’s Heirs, 3 Hum. 267. The principle of these latter cases allow the wife, or her heirs, seven years within which to sue, after the death of the husband, because he had made a conveyance of the lands of the wife, she not joining therein, by which he was estopped from suing, and she could not sue alone; so that no cause of action accrued to them, or either of them, during his life. There was, in fact, no wrong or injury. Nor could her heirs, after her death, sue the husband’s vendee during the continuance of the life estate, which he had gained by force of the husband’s deed, and his survivorship of his wife. The case then become of particular estate and remainder.
And if she were both, an infant and feme covert, at the time the cause of action accrued, or only under the disability of infancy, and we even suppose the infancy to continue until her death in 1842, still, by the same authority, complainants only had three years after her death, within which to sue, and are barred. And this is so, as to any interest which she may have acquired in the shares of her deceased brother and sisters ; and certainly embraces the share of William King Morgan, who died in 1829.
If, when the cause of action accrued, the children, Eliza and Rufus Ann Morgan, were alive, the former being noncom'pos mentis, and the latter an infant, and they died under these disabilities, either in the lifetime of their sister Rachel, or after her death, then their heirs, whatever may have been their disabilities, must, by the same authority, have sued within the three years, required by the statute. And it is impossible here, to suppose the continuance of infancy as to any of these children from the year 1826, so as to save any of their shares to complainants.
They cannot escape the statute by any right of dower which Elizabeth Morgan may be supposed to have in this land. Nor is it necessary, here, to consider the question in that aspect. In our opinion, she was not entitled to be endowed of this estate, and took no interest therein, either as widow, or dev- *224 isee, not having dissented from the will; the settled law of this State is, that she is bound by its provisions, and can take no other part of her husband’s estate. Reid v. Campbell, Meigs’ R., 378-389; Malone, Adm’r v. Majors, 8 Hum., 577; Croven v. Croven, 2 Dev. Eq. R., 338.
This is so, as to property of which he died intestate. Malone, Adm’r v. Majors, 8 Hum., 577.
This view of the case is decisive, and we need not notice the question of jurisdiction which has been debated.
It is true, as argued by the complainants’ counsel, that the statute of limitations is matter of defence, and that it cannot operate unless the possession be adverse. Nor can the first section of the act have effect, unless the possession, also, be under some assurance of title, purporting to convey an estate in fee simple. But it is not true, as we have seen, that this defence must be by answer, and the deeds and adverse possession there set up and proved. The facts necessary to the de-fence may, and in this case, in our opinion, do appear in the bill. It is not insisted that the possession has been in any way broken, or interrupted, so as to prevent the bar. And, in our opinion, the terms used in the bill in connection with the two deeds of conveyance from Elizabeth to Calvin Morgan, impart assurances of title in fee simple, and possession under them must be taken to be adverse, unless repelled by contrary averment, which is not done, or attempted.
Decree affirmed.